**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50084 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00097-JLS |
| v. | |
| ROSHAUN NAKIA PORTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Roshaun Nakia Porter appeals from the district court's judgment and

challenges the 240-month sentence imposed following his guilty-plea conviction

for conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Porter contends that his sentence is substantively unreasonable because the district court failed to grant a downward departure under U.S.S.G. § 4A1.3(b), which authorizes the district court to depart when the defendant's criminal history category overstates the seriousness of his criminal history. Our review of a district court's decision whether to depart under section 4A1.3 is limited to determining whether the court imposed a substantively unreasonable sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The district court did not abuse its discretion in imposing Porter's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Porter's criminal history and the violent nature of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**